**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARIA VOLODINA CHESHIRE,

        Plaintiff,

vs.                                                Case No. 3:05-cv-453-J-32MCR

WALTER MAXWELL CHESHIRE,

        Defendant.

## ORDER[1]

This case is before the Court on pending motions (Docs. 11, 13, 14, 24, 27, 40, 41, 43, 46, 47) and for review of the file. Pro-se plaintiff, Maria Cheshire, a Russian immigrant living in the United States under permanent resident status, filed her complaint against defendant, Walter Cheshire, her ex-husband and a U.S. citizen, under § 213A of the Immigration and Nationality Act (INA), codified as 8 U.S.C. § 1183a. (Doc. 1.) Plaintiff seeks to enforce two affidavits of support, Form I-134 and Form I-864, signed by defendant on plaintiff's behalf. (Id. at 6-7.)

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, a claim arises under federal law and raises federal question jurisdiction

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

when a federal cause of action or question of federal law "is presented on the face of the plaintiff's properly pleaded complaint." Dunlap v. G & L Holding Group, Inc. 381 F.3d 1285, 1290 (11th Cir. 2004).  "[A]ll that is required is that there be an arguable claim arising under federal law." BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., Inc. 317 F.3d 1270, 1278 (11th Cir. 2003).  After review of the file, the Court has determined that plaintiff's properly pleaded complaint, in asserting a violation of a right created by federal law, has adequately raised the federal question jurisdiction of the Court.

Generally, aliens applying for admission to the United States must present certain documents, such as a valid unexpired immigrant visa and an unexpired passport, in order to enter the country.  8 U.S.C. § 1181(a).  However, certain classes of aliens are ineligible to receive visas, to gain admission to the United States, or to seek adjustment of immigrant status.  8 U.S.C. § 1182(a).  These classes include, but are not limited to, aliens with specific health-related problems (8 U.S.C. § 1182(a)(1)), aliens with certain criminal backgrounds (8 U.S.C. § 1182(a)(2)), aliens that pose distinct security concerns (8 U.S.C. § 1182(a)(3)), and aliens likely to become public charges (8 U.S.C. § 1182(a)(4)). In determining whether an alien is inadmissible as a public charge, the consular officer or the U.S. Attorney General will consider, at a minimum, the alien's age; health; family status; assets, resources, and financial status; and education and skills.  8 U.S.C. §

1183(a)(4)(B)(I).  In addition to these factors, the officer or Attorney General may also consider any affidavit of support executed on the alien's behalf.  8 U.S.C. § 1182(a)(4)(B)(ii).  For family-sponsored immigrants, as opposed to employment-based immigrants, an immigrant seeking admission or adjustment of immigrant status will be inadmissible unless the alien "has obtained status as a spouse . . . of a United States citizen" or status under another acceptable classification, and "the person petitioning for the alien's admission . . . has executed an affidavit of support described in section 1183a . . .."  8 U.S.C. § 1182(a)(4)(C)).

Under section 1183a, an affidavit of support filed on behalf of an immigrant to establish that an immigrant is not excludable as a public charge is enforceable as a contract.  8 U.S.C. § 1183a(a)(1).  Regulations promulgated pursuant to section 1183a provide that the Immigration and Naturalization Service's (INS) Form I-864 constitutes the statutorily required affidavit of support that a sponsor must execute on the immigrant's behalf.  8 C.F.R. § 213a.2(a)(1).  However, prior to the adoption of Form I-864, the INS used Form I-134, which was submitted at the discretion of the visa applicant.  Charles Wheeler, <u>The Affidavit of Support and Sponsorship Requirement</u>, 98-06 Immigr. Briefings 1 (1998).  In this case, defendant executed Form I-134 on August 18, 1997 (Doc. 1, Appendix at 2-3) and executed Form I-864 on January 9, 1998 (Doc. 1, Appendix at 4-9).

Although no Eleventh Circuit precedent is on point, a limited number of courts in other jurisdictions have addressed various issues in cases in which a sponsored immigrant has brought a cause of action for enforcement of an affidavit of support against a sponsor.  See, e.g., Tornheim v. Kohn, No. 00 CV 5084(SJ), 2002 WL 482534, at *1 (E.D.N.Y. Mar. 26, 2002); Schwartz v. Schwartz, No. CIV-04-770-M, 2005 WL 1242171, at *1 (W.D. Okla. May 10, 2005);  Stump v. Stump, No. 1:04-CV-253-TS, 2005 WL 1290658, at *1 (N.D. Ind. May 27, 2005); Davis v. Davis, No. WD-04-020, 2004 WL 2924344, at * 1 (Ohio Ct. App. Dec. 17, 2004).

In order to determine the validity and enforceability of the affidavits of support at issue here, as well as address any applicable defenses and damages issues in this matter, the Court will set the case for a final hearing.

Accordingly, it is hereby

**ORDERED**:

1.     All pending motions (Docs. 11, 13, 14, 24, 27, 40, 41, 43, 46, and 47) are hereby **DENIED**.

2.     This case is **SET** for final hearing on **March 24, 2006 at 2:00 p.m.** before the undersigned in Courtroom 10B, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, at which the parties may present

testimony, documentary evidence and legal argument in support of their positions.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of March, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

m.
Copies to:

pro se plaintiff
Sandra K. Haas, Esq.

---

[2]Persons entering the federal courthouse must present photo identification. Cell phones and laptop computers are not permitted in the building.